# STEWART v. DUNLAP.

## No. 18,183; March 2, 1894.

### 36 Pac. 2.

Appeal—Question not Raised Below.—A judgment in an action by the assignee of an insolvent will not be reversed on the ground, raised for the first time on appeal, that the complaint contained no averment showing that in the proceedings for plaintiff's appointment a copy of the petition filed by creditors was served on the insolvent, as required by statute, the record being silent on the subject.

APPEAL from Superior Court, Colusa County; E. A. Bridgford, Judge.

Trover by Malcolm Stewart, assignee of the estate of W. C. Baber, an insolvent debtor, against Herman Dunlap. Judgment for plaintiff. Defendant appeals. Affirmed.

John T. Harrington for appellant; W. G. Dyas and U. W. Brown for respondent.

BELCHER, C.—The plaintiff, as assignee of the estate of one W. C. Baber, an insolvent debtor, brought this action to recover the value of certain personal property alleged to have belonged to the said estate, and to have been converted by defendant to his own use. To show plaintiff's authority to sue, it is averred in the complaint that certain creditors of said Baber duly filed a petition in involuntary insolvency against him, and that upon the filing of the petition the court made an order that he appear at a time and place named, and show cause why he should not be adjudged an insolvent debtor, as prayed for in the petition, and that on the next day he was duly and personally served with a copy of the said order; that thereafter the court duly made and caused to be entered its order adjudging him to be, and to have been at the time of filing the petition, an insolvent debtor, and requiring him to file in court the schedule and inventory provided for in the insolvent act; that thereafter the insolvent filed the schedule and inventory, and thereupon the court made an order appointing the time and place for the meeting of the

creditors to prove their debts, and choose one or more assignees of the estate; that thereafter, at the time and place appointed, the plaintiff was duly elected by the creditors assignee of the estate, and duly qualified as such, and afterward the clerk of the court duly assigned and conveyed to him all the estate, real and personal, of said insolvent. No demurrer to the complaint was interposed, and the answer denied none of the averments above referred to. The case was tried by the court, and judgment given for the plaintiff, from which the defendant appeals on the judgment-roll.

The only point made for a reversal is that it does not appear that the court ever acquired jurisdiction of the insolvent in the insolvency proceedings, for the reason that the complaint contains no averment showing that a copy of the petition filed by the creditors was served upon him, with a copy of the order to show cause, as required by section 10 of the insolvent act. This point is apparently made here for the first time, and a sufficient answer to it is that it does not appear that a copy of the petition was not served on the insolvent—the record is simply silent on the subject—and it does appear that he appeared and filed his schedule and inventory, and thereby voluntarily submitted himself to the jurisdiction of the court, and that the court duly adjudged him to be an insolvent debtor, and the clerk duly assigned and conveyed to the plaintiff all of his estate. The law presumes that a court or judge, acting as such, was acting in the lawful exercise of his jurisdiction: Code Civ. Proc., sec. 1963, subd. 16. Under the circumstances shown, it is too late to raise the question of the jurisdiction of the court here. The judgment should be affirmed.

We concur: Temple, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.